FILED
2012 Apr-24  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELINDA JEANNE CULWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-G-2306-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, Melinda Jeanne Culwell, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that

end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for

a period of disability, a claimant must be disabled.  The Act defines disabled as the

"inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than twelve

months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of

establishing entitlement to disability benefits, "physical or mental impairment" is defined

as "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations

outline a five-step sequential process.  20 C.F.R. § 404.1520 (a)-(f).  The Commissioner

must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether she has a severe impairment;

2

(3)     whether her impairment meets or equals one listed by the Secretary;

(4)     whether the claimant can perform her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord  McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

          In the instant case, the ALJ, Michael L. Brownfield, determined the plaintiff met the first two tests, but concluded  did not suffer from a listed impairment.  The ALJ found the plaintiff unable to perform her past relevant work.  Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do."  Foote, at 1559.  When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.  The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony.  Foote, at 1559.

3

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

4

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers within the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work. In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could

perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand.  As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited.  Id.

## DISCUSSION

In the present case the plaintiff testified she is unable to work due to mental illness.  The ALJ found the plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms.  Therefore, the plaintiff has satisfied the Eleventh Circuit pain standard and her testimony must be accepted as true unless it was properly discredited by the ALJ.  The vocational expert was asked whether the plaintiff would be capable of performing her past work, or any other work, if her testimony was credited.  The vocational expert testified that if the plaintiff's testimony was credited, she would be unable to work "due to the work stress and anxiety experienced with meeting the demands of competitive employment."  Record 93.  Therefore, unless the ALJ properly discredited the plaintiff's testimony, she is disabled.

The ALJ had the plaintiff examined by a board-certified neuropsychologist, Dr. Carol Walker, PhD.  Doctor Walker opined that the plaintiff "is likely to have difficulty with regard to her ability to interact with coworkers, supervisors, or other workers in a work environment."  Record 302.  Dr. Walker further opined that the

plaintiff's "ability to receive supervision is also likely to be impaired." Id. Doctor Walker concluded that the plaintiff's "mental impairment, in my opinion is moderate to severe." Id. at 302-03. In discussing Dr. Walker's examination report, the ALJ failed to mention Dr. Walker's rating of the plaintiff's mental impairment as "moderate to severe." Dr. Walker's report provides strong supporting evidence to corroborate plaintiff's testimony that she was unable to handle the stresses found in the workplace.

       In addition to Dr. Walker's report, the record contains a letter written by Ms. Warnick, the plaintiff's employment specialist/job coach at the Alabama Department of Rehabilitation Services. In that letter Ms. Warnick recounted her five year history of working with the plaintiff in order to provide the plaintiff with support in securing and/or retaining employment in spite of her disability. Ms. Warnick concluded that the plaintiff "is unable to retain employment successfully and this has caused her more depression and anxiety. She has made it a practice in life to keep trying. She has been faithful to the effort to be a part of the working American force." Record 348. The ALJ discussed Ms. Warnick's opinion, but rejected it because her "assessment of the jobs the claimant preformed included jobs precluded by the residual functional capacity." Record 24. For this reason, the ALJ gave her opinion minimal weight. The ALJ did not address, however, Ms. Warnick's opinions related to the plaintiff's ability to handle workplace stress.

Because the ALJ failed to give proper weight to the report of Dr. Walker and to the opinions rendered by Ms. Warnick, his decision not to credit the plaintiff's testimony is not supported by substantial evidence.  The Commissioner's own consultative psychologist found the plaintiff's mental impairment was moderate to severe and impaired her ability to receive supervision and interact appropriately to coworkers in a work environment.  Ms. Warnick, a specialist who provides support to those with disabilities in securing and retaining employment, was of the opinion that the plaintiff was unable to retain employment.  In light of these uncontradicted expert opinions, it was unreasonable for the ALJ not to credit the plaintiff's testimony of disabling mental illness.  Based upon that testimony, which must be accepted as true under the Eleventh Circuit pain standard, the plaintiff is disabled within the meaning of the Social Security act.  This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed.  Id.

An appropriate order will be entered contemporaneously herewith.

DONE this 24 April 2012.

_____

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.